Anne C. STUART, et al., Plaintiffs,

v.

Francis M. ROACHE, et al.,
Defendants.

Robert T. GUINEY, Plaintiff,

v.

Francis ROACHE, et al., Defendants.

Civ. A. Nos. 89–2348–Mc, 90–10113–Mc.

United States District Court,
D. Massachusetts.

June 27, 1990.

Regina L. Quinlan, Barbara A.H. Smith, Boston, Mass., for plaintiffs.

Alan Jay Rone, Lawyers' Committee for Civil Rights under Law of the Boston Bar Ass'n, Boston, Mass.

Jonathan M. Albano, Bingham, Dana & Gould, Boston, Mass., for Mass. Ass'n of Minority Law Enforcement Officers.

Alice Daniel, Deputy Atty. Gen., and Thomas Barnico, Asst. Atty. Gen., Boston, Mass., for David P. Haley.

Michael C. Bolden, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for Francis Roache, Raymond Flynn and City of Boston.

MEMORANDUM AND ORDER DENY-
ING PLAINTIFFS' MOTION FOR A
PRELIMINARY INJUNCTION

McNAUGHT, District Judge.

This action came on to be heard on the plaintiffs' request for preliminary injunctive relief. Plaintiffs in the *Stuart, et al. v. Roache, et al.* action are Boston police officers who, since 1988, have been on an eligibility list for a promotion to the rank of sergeant. Robert Guiney, named plaintiff in the second action entitled *Guiney v. Roache, et al.,* is President of the Boston Police Patrolmen's Association, Inc. which represents Boston police officers below the rank of sergeant.

On June 5, 1990, David Haley, Personnel Administrator of the Department of Personnel Administration for the Commonwealth of Massachusetts, issued a notice that the 1988 sergeants' eligibility list was being revoked, effective that day. The reasons given were that the use of the list would conflict with the consent decree signed by this Court in *Massachusetts Association of Afro–American Police, Inc. et al., v. The Boston Police Department, et al.,* C.A. No. 78–529–Mc (D.Mass. Sept. 16, 1980) (MAAAP), and that the list constituted a public safety emergency. The plaintiffs challenge the revocation of the list, claiming that such an act is beyond the Personnel Administrator's authority granted pursuant to Massachusetts General Laws, c. 31, section 25. They ask this Court to issue a preliminary injunction ordering defendant Haley to revive the 1988 eligibility list, and enjoining defendant Police Commissioner Roache from making any promotions to sergeant from other

than the existing eligibility list, or from making any promotions, provisional or permanent, pending resolution of this action.

We look at the usual criteria in deciding whether or not injunctive relief should be granted. First, the plaintiffs have not shown a reasonable likelihood of success on the merits. The consent decree passes muster under the test of the United States Constitution. It follows, therefore, that a decision to revoke the 1988 eligibility list on the grounds that it would violate the consent decree stands. Secondly, although plaintiffs may suffer some hardship, the harm they will suffer is not irreparable. Another sergeants' examination is to be administered in June of 1991, and plaintiffs will have the opportunity to take the test at that time. While it is true that the Police Commissioner will now be permitted to promote individuals to the rank of sergeant from other than the 1988 eligibility list, those promotions will be provisional only, and not protected by the civil service system.

Since this Court is satisfied that the plaintiffs have not shown a likelihood of succeeding on the merits, the injunctive relief which has been requested is hereby denied.

I am allowing a motion brought by the Massachusetts Association of Minority Law Enforcement Officers (MAMLEO), successor in interest to the Massachusetts Association of Afro–American Police, Inc. (MAAAP), to intervene as a party defendant. The motion to dismiss for failure to join an indispensable party brought by defendant Haley is moot.